EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Pedro C. De Jesús Román | 2015 TSPR 33<br><br>192 DPR ____ |

Número del Caso:   TS-13,437

Fecha: 27 de marzo de 2015

Programa de Educación Jurídica Continua:

Lcda. Geisa Marrero
Directora Ejecutiva

Materia: Conducta Profesional – La suspensión será efectiva el 7 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Pedro C. De Jesús Román | Núm.: **TS-13,437** | Conducta Profesional |

**PER CURIAM**

En San Juan, Puerto Rico, a 27 de marzo de 2015.

En el día de hoy ordenamos la suspensión inmediata e indefinida del Lcdo. Pedro C. De Jesús Román (licenciado De Jesús Román) del ejercicio de la abogacía y de la notaría por ignorar los requerimientos de este Tribunal atinentes a su incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC). A continuación desglosamos los antecedentes fácticos que nos obligan a llegar a esta decisión.

**I**

El licenciado De Jesús Román fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y a la práctica de la notaría el 26 de septiembre de 2001.

El 19 de marzo de 2013, la Lcda. Geisa M. Marrero Martínez, Directora Ejecutiva del PEJC (Directora Ejecutiva del PEJC) compareció ante nos, en representación

de la Junta de Educación Jurídica Continua,[1] detallando el trámite procesal proseguido en contra del licenciado De Jesús Román por no haber completado las horas crédito de educación jurídica continua para el periodo del 1 de marzo de 2007 al 28 de febrero de 2009 y por su incomparecencia ante el PEJC cuando le fue solicitado.[2]  En su Informe nos indicó que el letrado tampoco ha observado los requisitos reglamentarios correspondientes al periodo del 1 de marzo de 2009 al 28 de febrero de 2011 y del 1 de marzo de 2011 al 28 de febrero de 2013, aunque no ha sido citado a una vista informal al respecto.

Examinado el Informe, el 9 de mayo de 2013 dictamos Resolución concediéndole al licenciado De Jesús Román un término de 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por sus incumplimientos e incomparecencias ante el PEJC.  El 16 de septiembre de 2013 el togado compareció ante nos alegando haber concluido con los créditos señalados por la Directora Ejecutiva del PEJC en su Informe, por lo que solicitó diéramos por cumplida nuestra Resolución de 9 de mayo de 2013.

Con el fin de corroborar lo anterior, la Secretaría de este Tribunal le requirió al PEJC que nos certificara

---

[1]     La Directora Ejecutiva del PEJC presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe).

[2]     Según se desprende de un *Historial de Cursos Acreditados* emitido por el Programa de Educación Jurídica Continua, al Lcdo. Pedro C. De Jesús Roman le faltaban por tomar 4 créditos en dicho periodo.

el estatus del licenciado ante dicha entidad desde el periodo en controversia hasta el presente. De conformidad, el PEJC nos sometió una *Certificación* mediante la cual acreditó el cumplimiento del licenciado De Jesús Román con los requisitos correspondientes al periodo del 1 de marzo de 2007 al 28 de febrero de 2009.[3] No obstante, señaló que aún le faltaba por completar los créditos necesarios para los dos periodos subsiguientes, es decir, del 1 de marzo de 2009 al 28 de febrero de 2011 y del 1 de marzo de 2011 al 28 de febrero de 2013. Es por dicha razón que el 13 de diciembre de 2013 emitimos una Resolución concediéndole al licenciado De Jesús Román un término de 30 días para que se pusiera al día en los periodos antes indicados, so pena de sanciones, incluyendo su separación de la profesión legal. El 16 de mayo de 2014 el PEJC presentó una nueva *Certificación* que reflejaba que el letrado todavía no había tomado los cursos requeridos. Tampoco ha comparecido ante nos a presentar excusas por su incumplimiento.

## II

El Código de Ética Profesional incorpora en un mismo cuerpo legal las normas mínimas de conducta que deben exhibir los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. <u>In re Vera</u>

---

[3] En la misma también se certificó el pago de la cuota por cumplimiento tardío correspondiente a dicho periodo.

Vélez, 2015 TSPR 7, 192 DPR ____ (2015); In re Guemárez Santiago, 2014 TSPR 112, 191 DPR ____ (2014). Además de prescribir los deberes de los abogados con la sociedad, con sus clientes y con sus compañeros, los cánones también fijan los estándares mínimos de comportamiento para con los tribunales. En cuanto a ese último renglón el Canon 9 exige del abogado una conducta que se caracterice por el mayor de los respetos hacia los tribunales. 4 LPRA Ap. IX, C. 9 (2012). Para el fiel cumplimiento de dicho precepto es esencial que los abogados procuren una escrupulosa atención y obediencia a las órdenes de este Tribunal, y de cualquier otro foro al que el abogado se encuentre obligado a comparecer, en particular cuando se trata de procedimientos disciplinarios sobre su conducta profesional. In re Pérez Román, 2014 TSPR 98, 191 DPR ____ (2014); In re Villamil Higuera, 188 DPR 507 (2013); In re Rivera Trani, 188 DPR 454 (2013).

No hacerlo denota dejadez y una actitud de indiferencia y menosprecio a la autoridad de este Tribunal que no puede ser tomada livianamente. In re Vera Vélez, *supra*. "[D]esatender las órdenes judiciales constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional". (Citas omitidas). In re Bryan Picó, 2015 TSPR 10, 192 DPR ____ (2015). Hemos interpretado que dicha actitud es inaceptable, por lo que amerita la suspensión indefinida del ejercicio de la profesión. In re Vera Vélez, *supra*.

A pesar de que mediante la Resolución del 13 de diciembre de 2013 le apercibimos al licenciado De Jesús Román que de no acatar lo allí dispuesto se exponía a sanciones disciplinarias, que incluían su separación del ejercicio de la profesión, éste ha hecho caso omiso a la misma.

### III

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinidamente del Lcdo. Pedro C. De Jesús Román del ejercicio de la abogacía y de la notaría. Le ordenamos notificar a todos sus clientes de su inhabilidad para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del licenciado De Jesús Román, incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Pedro C. de Jesús Román por la Oficina del Alguacil de este Foro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| IN RE:<br><br>PEDRO C. DE JESÚS ROMÁN | NÚM.: **TS-13,437** | Sobre:<br><br>CONDUCTA PROFESIONAL |
|---|---|---|

SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Pedro C. De Jesús Román del ejercicio de la abogacía y de la notaría, a partir de la notificación de tal Opinión. Le ordenamos notificar a todos sus clientes de su inhabilidad para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del licenciado De Jesús Román, incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia al Lcdo. Pedro C. De Jesús Román por la Oficina del Alguacil de este Foro.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo