EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Fran Javier Pérez Galarza | 2015 TSPR 80  193 DPR ____ |
|---|---|

Número del Caso:     AB-2011-338
                     AB-2012-406
                     AB-2013-443
                     AB-2014-031
                     AB-2014-410
                     AB-2015-111

Fecha: 5 de junio de 2015

Materia: Conducta Profesional- La suspensión del abogado será efectiva el 15 de junio de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | AB-2011-0338 |
|---|---|
| Fran Javier Pérez Galarza | AB-2012-0406 |
| | AB-2013-0443 |
| | AB-2014-0031 |
| | AB-2014-0096 |
| | AB-2014-0410 |
| | AB-2015-0111 |

*PER CURIAM*

En San Juan, Puerto Rico, a 5 de junio de 2015.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío.

I

El Lcdo. Fran Javier Pérez Galarza (licenciado Pérez Galarza), fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y a la Notaría el 9 de marzo de 2001. Contra el licenciado Pérez Galarza se han presentado siete Quejas, las que consolidamos y procedemos a resumir.

**Queja AB-2011-338:**

La Queja AB-2011-338 fue instada por las señoras Raquel Pacheco Medina y Santurnina Medina Maldonado el 11

de octubre de 2011.[1] Alegaron que habían contratado los servicios del licenciado Pérez Galarza por lo que le pagaron la suma de cuatro mil quinientos dólares ($4,500). Además, indicaron que le entregaron la cantidad de dos mil siete dólares con noventa y cuatro centavos ($2,007.94) para su consignación en el Tribunal. No obstante, este lo depositó en su cuenta de banco. Posteriormente, también indicaron que un intermediario del licenciado Pérez Galarza les ofreció veinte mil dólares ($20,000.00) a cambio del retiro de la queja.

El licenciado Pérez Galarza contestó la Queja y esta fue entonces referida al Procurador General para la correspondiente investigación e informe el 28 de noviembre de 2011.

Tras dos comunicaciones de la Oficina del Procurador General que requerían al licenciado Pérez Galarza información sobre las alegaciones presentadas, el 17 de octubre de 2012 solicitó auxilio de este Tribunal para que el letrado contestara sus requerimientos. Así las cosas, le concedimos al licenciado Pérez Galarza un término de diez (10) días para responder a los requerimientos cursados por la Oficina del Procurador General y para exponer las razones por las cuales no debía ser disciplinado por no comparecer a responder tales requerimientos. Le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias severas,

---

[1] La Sra. Santurnina Medina Maldonado falleció el 26 de abril de 2012.

incluyendo la suspensión del ejercicio de la abogacía. Esta resolución le fue notificada personalmente el 27 de noviembre de 2012.

El licenciado Pérez Galarza compareció ante la Oficina del Procurador General y este Tribunal. No obstante, mediante Informe Preliminar, la Oficina de la Procuradora General nos informó que los requerimientos no habían sido contestados de forma satisfactoria, principalmente aquellos relacionados al cobro de honorarios de abogado. Por ello, le concedimos nuevamente al licenciado Pérez Galarza un término de diez (10) días para que respondiera a los requerimientos especificados en el Informe y nos explicara las razones para su incumplimiento.

Nuevamente la Procuradora General recurrió ante nos e indicó que el letrado había quedado en someter una declaración jurada justificando los honorarios de abogado por los servicios rendidos. A pesar de que la Oficina de la Procuradora General le extendió el plazo concedido en dos ocasiones, todavía el licenciado Pérez Galarza no había cumplido. Por ello, el 27 de mayo de 2014 este tribunal le concedió al letrado un término de veinte (20) días para expresarse sobre el Informe presentado, de lo contrario se entendería que se allanaba a las recomendaciones formuladas por la Procuradora General.

El letrado compareció ante nos el 24 de junio de 2014 solicitando, entre otras cosas, hasta el 10 de julio de

2014 para presentar su contestación final y se comprometió a devolver la totalidad de los honorarios a la querellante antes de esa fecha. Nuevamente le concedimos un término de diez (10) días para presentar la declaración jurada requerida por la Procuradora General o en su defecto pagar los honorarios señalados en el Informe y evidenciar inmediatamente su cumplimiento. No obstante, la Procuradora General nos informó el 1 de abril de 2015 que a la fecha no había sido notificada por el licenciado Pérez Galarza del cumplimiento de nuestra orden.

**Queja AB-2012-0406:**

La Queja Núm. AB-2012-0406 fue instada por la Sra. Ana L. Muñiz (señora Muñiz) el 22 de octubre de 2012. De la misma surge que la señora Muñiz contactó al licenciado Pérez Galarza a fin de contratar sus servicios profesionales para ciertos trámites legales. Esta planteó que le pagó ochocientos dólares ($800.00) para dichos trámites. No obstante, al día siguiente se comunicó con el licenciado Pérez Galarza para indicarle que sus servicios profesionales no serían necesarios. Alegó que nuevamente se reunió con el licenciado Pérez Galarza, esta vez junto a su hijo, y que el letrado le aseguró que le devolvería los fondos pagados. Ante el incumplimiento del licenciado, la señora Muñiz presentó una Queja en su contra en este foro.

Así las cosas, el 26 de noviembre del 2012 la Subsecretaria de este Tribunal le remitió copia de la Queja

al licenciado Pérez Galarza a fin de que emitiera su contestación. La comunicación fue remitida por correo certificado con acuse de recibo.

Ante la incomparecencia del licenciado Pérez Galarza el 8 de marzo de 2013, se le envió nuevamente una misiva requiriéndole que contestara la Queja instada. El licenciado Pérez Galarza tampoco contestó esta comunicación. Es por ello que se nos remitió el asunto y mediante Resolución emitida el 24 de junio de 2013 le concedimos al letrado un término final de cinco (5) días para que presentara su contestación. Apercibimos al licenciado Pérez Galarza que el incumplimiento con lo ordenado conllevaría sanciones disciplinarias, incluyendo la suspensión al ejercicio de la profesión. Dicha Resolución fue notificada personalmente al licenciado Pérez Galarza.

El 19 de julio de 2013 el licenciado Pérez Galarza contestó la Queja de autos. Peticionó que desestimáramos la Queja y aseguró que los honorarios cobrados le serían devueltos a la señora Muñiz.

Durante el trámite de investigación de la Queja ante la Oficina de la Procuradora General se le remitieron dos (2) comunicaciones al licenciado Pérez Galarza requiriéndole cierta información. El licenciado Pérez Galarza hizo caso omiso a dichos requerimientos por lo que la Procuradora General nos peticionó le concediéramos término para presentar su Informe.

No obstante, y aunque no pudo conseguir la información, la Procuradora General emitió su Informe. En este nos solicitó que le requiriéramos al licenciado Pérez Galarza que le devolviera los honorarios a la señora Muñiz.

El 25 de septiembre de 2014 emitimos una Resolución donde concedimos término de veinte (20) días al licenciado Pérez Galarza para que se expresara en torno al Informe de la Procuradora General. Le señalamos que de no contestar dicho Informe se entendería que se allanaba a lo peticionado por la Procuradora General.

Ante la incomparecencia del licenciado Pérez Galarza, el 13 de marzo de 2015 emitimos una nueva Resolución donde le concedimos término final para la devolución de los honorarios adeudados. Le apercibimos que su incumplimiento conllevaría la imposición de sanciones. De igual forma, le requerimos a la Procuradora General que nos informara de inmediato el cumplimiento o incumplimiento del licenciado Pérez Galarza con nuestra orden. Esta Resolución fue notificada personalmente al licenciado Pérez Galarza.

Así las cosas, el 7 de abril de 2015 la Procuradora General presentó una Moción en Cumplimiento de Orden informándonos que el licenciado Pérez Galarza no había cumplido con lo ordenado.

**Queja AB-2013-0443:**

La Queja AB-2013-443 fue presentada por el Sr. Miguel A. Claudio Santana el 28 de octubre de 2013.  El señor Claudio Santana sostiene que contrató al licenciado Pérez Galarza para que trabajara los trámites de una herencia, pero que transcurridos cinco años y tras haber pagado por los servicios, no se han producido resultados.  Por ello, no ha podido completar la compra de una propiedad de la Sucesión.

Tras dos comunicaciones de la Subsecretaria del Tribunal concediéndole al licenciado Pérez Galarza término para contestar, mediante resolución del 27 de marzo de 2014 le concedimos un término final de cinco (5) días para comparecer y contestar la queja presentada en su contra. El 10 de abril de 2014, el letrado presentó contestación a la Queja en la que indicó que se trataba de un caso de herencia sumamente complicado y solicitó un término de noventa (90) días para resolver las controversias de este caso.  Nuevamente compareció ante nos el 7 de agosto de 2014 mediante "Contestación Complementaria a Queja y Solicitud de Desestimación".

El 9 de septiembre de 2014 referimos este asunto a la Oficina de Inspección de Notarías (ODIN). Mediante informe de 7 de octubre de 2014, ODIN nos indicó que el licenciado Pérez Galarza autorizó la Escritura Pública Núm. 43 en la que se encontraban presentes las acciones de partición y adjudicación de herencia sobre un bien inmueble sin contar

con la comparecencia de todos los herederos. De igual forma indica que el letrado otorgó fe y autenticidad sobre hechos que no estaban conformes a las leyes aplicables. Por lo tanto, peticionó censurar enérgicamente al letrado, así como ordenarle que complete, a sus expensas, todos los procedimientos relacionados con la Escritura Núm. 43 autorizada.

El 5 de noviembre de 2014 concedimos un término de veinte (20) días al licenciado Pérez Galarza para que se expresara en torno al Informe de la ODIN. Le apercibimos que de no presentar contestación al Informe se entendería que se allanaba a las recomendaciones formuladas en dicho Informe. El 13 de marzo de 2015 nuevamente concedimos al licenciado Pérez Galarza un término de sesenta (60) días para que a sus expensas completara todos los procedimientos relacionados a la Escritura Número 43 autorizada. No obstante, el licenciado Pérez Galarza no ha comparecido para informar sobre las gestiones realizadas.

**Queja AB-2014-0031:**

El 3 de febrero de 2014, el Sr. Luis E. Huertas Pérez y la Sra. Sonia L. Pérez Vallellanes presentaron la Queja AB-2014-31 con relación al incumplimiento de un contrato por parte del licenciado Pérez Galarza. Así las cosas, el 3 de marzo de 2014 le ordenamos al licenciado Pérez Galarza que emitiera su contestación. Ante su incomparecencia, reiteramos nuestro petitorio para que

respondiera en un término de diez (10) días. No obstante, todavía el licenciado Pérez Galarza no ha comparecido.

**Queja AB-2014-0096:**

La Sra. América Rodríguez Dávila presentó la Queja AB-2014-0096 contra el licenciado Pérez Galarza el 18 de marzo de 2014. Indicó que contrató los servicios del letrado para representarla en una vista ante la Autoridad de Energía Eléctrica (AEE). Sostuvo que acordaron la cantidad de novecientos dólares ($900) en concepto de honorarios de abogado; suma que pagó en su totalidad.

La señora Rodríguez Dávila indicó que tras la negociación del licenciado Pérez Galarza y la AEE, se acordó que esta pagaría cuatro mil dólares ($4,000) a la AEE: dos mil dólares ($2,000) de pronto y dos mil dólares ($2,000) en plazos. Así las cosas, el 1 de noviembre de 2013 le entregó al licenciado Pérez Galarza la cantidad de dos mil dólares ($2,000), pero este no cumplió con el pago ni contesta sus llamadas.

Tras dos comunicaciones de la Subsecretaria del Tribunal concediéndole al licenciado Pérez Galarza contestar la Queja presentada, le concedimos al letrado un término final de cinco (5) días para comparecer y contestar la queja presentada en su contra mediante Resolución de 9 de febrero de 2015. Esta Resolución fue notificada personalmente. Sin embargo, el licenciado Pérez Galarza no ha comparecido.

**Queja AB-2014-0410:**

La Queja Núm. AB-2014-0410 fue presentada por el Sr. Frank Ortiz Viera el 21 de octubre de 2014. Indica que el licenciado Pérez Galarza fue contratado para la redacción de una escritura de compraventa en junio de 2013 y que los honorarios por sus servicios fueron pagados. Sin embargo, señala que el letrado retuvo dos mil dólares ($2,000) en caso de que hubiese alguna deuda de contribuciones sobre la propiedad y que no los ha devuelto al señor Ortiz Viera o pagado al Centro de Recaudación de Impuestos Municipales (CRIM).

Presentada la Queja, le ordenamos al licenciado Pérez Galarza a contestarla el 21 de noviembre de 2014. Al no recibir contestación, el 19 de diciembre de 2014, le otorgamos al letrado un nuevo término de 10 días para contestar. Nuevamente, el licenciado Pérez Galarza no ha comparecido.

**Queja AB-2015-111:**

La Queja Núm. AB-2015-111 fue presentada por el Sr. Alejandro Ortiz Rosa (señor Ortiz Rosa) el 24 de marzo de 2015. El señor Ortiz Rosa indicó que contrató al licenciado Pérez Galarza el 29 de abril de 2005 con relación a la herencia de su padre. Para ello le ha pagado la suma de $9,200 durante los pasados 10 años. No obstante, indica que la falta de diligencia del letrado ha conllevado roces familiares y solicita que le devuelva los honorarios pagados.

El 10 de abril de 2015, ordenamos al licenciado Pérez Galarza a presentar su contestación a la Queja en el término de diez (10) días. Este término se ha cumplido y el licenciado Pérez Galarza no ha comparecido ante este Tribunal.

II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re Bello Rivera,* res. el 6 de abril de 2015, 192 D.P.R. ___ (2015), 2015 T.S.P.R. 44*; In re Pacheco Pacheco,* res. el 16 de marzo de 2015, 192 D.P.R. ___ (2015), 2015 T.S.P.R. 26.

Además, reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re Bello Rivera*, supra*; In re De Jesús Román,* res. el 27 de marzo de 2015, 192 D.P.R. ___ (2015), 2015 TSPR 33. A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias.

El deber de diligencia y respeto se extiende a los requerimientos de la Oficina de Inspección de Notarías y de la Procuradora General, pues su inobservancia acarrea las mismas sanciones que cuando se desatiende una orden emitida por este Tribunal. *In re Pacheco Pacheco,* supra; *In re Irizarry Irizarry,* 190 D.P.R. 368 (2014).

Aun cuando hemos apercibido al licenciado Pérez Galarza en repetidas ocasiones de que podrían imponérsele sanciones disciplinarias severas de no responder oportunamente a los requerimientos de la Oficina de la Procuradora General, de la Oficina de Inspección de Notarías y de este Tribunal, este ha hecho caso omiso. El expediente del licenciado Pérez Galarza refleja un patrón de desidia y desinterés de su parte en cuanto al proceso disciplinario que se inició en su contra.

III

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Pérez Galarza.

El licenciado Pérez Galarza se ha comprometido a devolver la totalidad de los honorarios cobrados a la Sra. Raquel Pacheco Medina, por lo que le ordenamos reembolsarle los honorarios señalados en el Informe de la Procuradora General a la señora Pacheco Medina. De igual forma, se le ordena devolver la cantidad de ochocientos dólares ($800.00) a la Sra. Ana L. Muñiz de conformidad con nuestra Resolución de 13 de marzo de 2015.

Asimismo, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Pérez Galarza y entregarla a la Oficina del Director de Inspección de Notaria para la correspondiente investigación e informe. Se le apercibe que la presente acción disciplinaria no lo exime de tener que corregir, de forma inmediata y a sus expensas, los procedimientos relacionados a la Escritura Núm. 43 autorizada en la Queja AB-2013-443 según señalado por la ODIN. Dicha obligación subsiste y su desatención lo expone al correspondiente procedimiento de desacato.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fran Javier Pérez Galarza

AB-2011-0338
AB-2012-0406
AB-2013-0443
AB-2014-0031
AB-2014-0096
AB-2014-0410
AB-2015-0111

SENTENCIA

En San Juan, Puerto Rico, a 5 de junio de 2015.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Pérez Galarza.

El licenciado Pérez Galarza se ha comprometido a devolver la totalidad de los honorarios cobrados a la Sra. Raquel Pacheco Medina, por lo que le ordenamos reembolsarle los honorarios señalados en el Informe de la Procuradora General a la señora Pacheco Medina. De igual forma, se le ordena devolver la cantidad de ochocientos dólares ($800.00) a la Sra. Ana L. Muñiz de conformidad con muestra Resolución de 13 de marzo de 2015.

Asimismo, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Pérez Galarza y entregarla a la Oficina del Director de Inspección de Notaria para la correspondiente investigación e informe. Se le apercibe que la presente acción disciplinaria no lo exime de tener que corregir, de forma inmediata y a sus expensas, los procedimientos relacionados a la Escritura Núm. 43 autorizada en la Queja AB-2013-443 según señalado por la ODIN. Dicha obligación

subsiste y su desatención lo expone al correspondiente procedimiento de desacato.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo