EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Víctor Tirado Saltares<br>Sonia Rodríguez Vallecillo<br>Ardín Terón Santiago<br>Roberto Febry Martínez<br>Ángel L. Flores Fernández<br>Domingo Rodríguez Montalvo | 2015 TSPR 177<br><br>194 DPR \_\_\_\_ |

Número del Caso:     TS-2020
                     TS-4514
                     TS-6345
                     TS-7731
                     TS-5284
                     TS-2736


Fecha: 10 de diciembre de 2015


Programa de Educación Jurídica Continua:

          Lcda. Geisa M. Marrero Martínez
          Directora

Materia:

**TS-2020** La suspensión será efectiva el 15 de enero de 2016 fecha en que se le notificó al abogado por correo e su suspensión inmediata.

**TS-4514** La suspensión será efectiva el 1ro de febrero de 2016 fecha en que se le notificó a la abogada de su suspensión inmediata.

**TS-6345** La suspensión será efectiva el 22 de enero de 2016 fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-7731** La suspensión será efectiva el 25 de enero de 2016 fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-5284** La suspensión será efectiva el 25 de enero de 2016 fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-2736** La suspensión será efectiva el 4 de febrero de 2016 fecha en que se le notificó al abogado por correo de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Lcdo. Víctor Tirado Saltares | TS-2020 |
| Lcda. Sonia Rodríguez Vallecillo | TS-4514 |
| Lcdo. Ardin Terón Santiago | TS-6345 |
| Lcdo. Roberto Febry Martínez | TS-7731 |
| Lcdo. Ángel L. Flores Fernández | TS-5284 |
| Lcdo. Domingo Rodríguez Montalvo | TS-2736 |

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de diciembre de 2015.

Nuevamente ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida de varios miembros de la profesión legal por su reiterado incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y de este Tribunal.

**I**

La Directora del PEJC, Lcda. Geisa M. Marrero Martínez, comparece ante nos mediante sendos informes en los que nos pone al tanto sobre el incumplimiento de varios abogados con los requisitos del PEJC, y la desatención con sus requerimientos en múltiples ocasiones.

A continuación examinamos las conductas de los letrados y los trámites efectuados por el PEJC y este Tribunal al respecto.

**TS-2020:**

El Lcdo. Víctor Tirado Saltares (licenciado Tirado Saltares), fue admitido al ejercicio de la abogacía el 3 de noviembre de 1960.[1]

El 7 de mayo de 2015, la Directora del PEJC compareció ante nos e indicó que el licenciado Tirado Saltares no había cumplido con los requisitos del PEJC durante los periodos de 2007-2009 y 2009-2011, así como el pago de cincuenta dólares ($50.00) por cumplimiento tardío para los periodos señalados. Indicó la Directora que le envió al letrado varios avisos de incumplimiento para los periodos de 2007-2009 y 2009-2011. De igual forma, se celebró una vista informal el 7 de junio de 2011 con relación al periodo 2007-2009 y otra el 27 de febrero de 2014 para el periodo 2009-2011.[2] El licenciado Tirado Saltares no compareció a ninguna de las vistas.

No obstante, el 20 de junio de 2011, el licenciado Tirado Saltares se comunicó con el PEJC e indicó que había cumplido 80 años, que se desempeñó como defensor público, que estableció nueva jurisprudencia en el Tribunal Supremo, que tenía nietos que podrían necesitar de su ayuda, que había sufrido una operación de la que no sabía si podría

---

[1] El Lcdo. Víctor Tirado Saltares prestó juramento de notario el 21 de noviembre de 1960, pero fue suspendido mediante *Per Curiam* y Sentencia de 18 de marzo de 1987. Esto por no cancelar los sellos de rentas internas e impuesto notarial en trescientas sesenta (360) escrituras que otorgara.

[2] El licenciado Tirado Saltares tampoco ha cumplido con el periodo de 2011-2013. No obstante, aún no ha sido citado a la vista informal dispuesta en la Regla 32 del *Reglamento del Programa de Educación Jurídica Continua*, 164 D.P.R. 555 (2005), con relación a ese periodo.

recuperarse, y que estaba bajo la creencia que la obligación de cumplir con los requisitos del PEJC cesaba al cumplir ochenta (80) años. En esa ocasión, el PEJC le solicitó información sobre su práctica de la profesión, evidencia médica (si interesaba que se tomara en cuenta alguna condición de salud) y si tenía intención de solicitar el cambio a abogado inactivo. No obstante, no surge del expediente respuesta del letrado a esta comunicación.

Mediante Resolución de 21 de julio de 2015, le concedimos un término de veinte (20) días al licenciado Tirado Saltares para que compareciera ante nos y mostrara causa por la que no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC. El licenciado Tirado Saltares no ha comparecido.

**TS-4514:**

La Lcda. Sonia Rodríguez Vallecillo (licenciada Rodríguez Vallecillo), fue admitida al ejercicio de la abogacía el 5 de junio de 1974 y a la Notaría el 13 de agosto del mismo año.

El 12 de febrero de 2014 la Directora del PEJC nos informó que la licenciada Rodríguez Vallecillo no ha cumplido con los requisitos del PEJC para el periodo de 2007-2009.[3] El PEJC le envió un Aviso de Incumplimiento el

---

[3] La Lcda. Sonia Rodríguez Vallecillo tampoco ha cumplido con los periodos del 2009-2011 y 2011-2013. No obstante, para estos dos periodos la licenciada aún no ha sido citada para la vista informal

4 de mayo de 2009 y una citación para una vista informal el 2 de marzo de 2011. De igual forma, le concedió un término final de 10 días mediante Resolución de 3 de diciembre de 2013 para cumplir con este periodo y presentar evidencia de ello. Así las cosas, mediante Resolución de 28 de febrero de 2014 este Tribunal le concedió a la letrada un periodo de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido. Esta resolución fue notificada personalmente a la letrada. No obstante, la licenciada Rodríguez Vallecillo no ha comparecido.

**TS-6345:**

El Lcdo. Ardin Terón Santiago (licenciado Terón Santiago), fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y a la Notaría el 8 de agosto de 1985.[4]

Mediante Informe sobre Incumplimiento nos informa el PEJC que el licenciado Terón Santiago no ha cumplido con los requisitos del PEJC para los periodos de 2007-2009 y 2009-2011.[5] Tampoco ha efectuado el pago de cincuenta

---

dispuesta en la Regla 32 del *Reglamento del Programa de Educación Jurídica Continua*, supra.

[4] El Lcdo. Ardin Terón Santiago prestó juramento de notario el 8 de agosto de 1985, pero renunció voluntariamente al ejercicio de la notaría. Su renuncia fue aceptada por este Tribunal el 27 de septiembre de 2010.

[5] El licenciado Terón Santiago tampoco ha cumplido con el periodo de 2011-2013. No obstante, para este periodo aún no ha sido citado para la vista informal dispuesta en la Regla 32 del *Reglamento del Programa de Educación Jurídica Continua*, supra. Esto pues, el Aviso de

dólares ($50.00) por cumplimiento tardío para ninguno de los periodos señalados. Esto, a pesar del PEJC haberle enviado Avisos de Incumplimiento para cada periodo y de haberle citado para vista informal el 6 de junio de 2001 con relación al periodo 2007-2009 y el 28 de febrero de 2014 para el periodo de 2009-2011.[6]

Ante esta situación, el 11 de junio de 2015 le concedimos al letrado un periodo de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido. Esta notificación fue devuelta por el servicio postal por lo que nuevamente enviamos la Resolución a la dirección adicional que surge del Registro Único de Abogados y Abogadas (RUA). A la fecha, el licenciado Terón Santiago no ha comparecido ante nos pese a que la comunicación no fue devuelta por el sistema de correo federal.

**TS-7731:**

El Lcdo. Roberto Febry Martínez (licenciado Febry Martínez), fue admitido al ejercicio de la abogacía el 28 de diciembre de 1983 y a la Notaría el 25 de febrero de 1987.

---

Incumplimiento fue devuelto por el servicio postal. El aviso fue notificado a la dirección que surge del Registro Único de Abogados y Abogadas del Tribunal Supremo.

[6] Tanto la el Aviso de Incumplimiento de 8 de septiembre de 2011 como la citación a la vista informal para el 28 de febrero de 2014 fueron devueltas por el servicio postal (RETURN TO SENDER, ATTEMPTED NOT KNOWN, UNABLE TO FORWARD) por lo que tuvieron que ser notificadas por otros medios.

El 10 de octubre de 2014, el Director del PEJC expuso ante este Tribunal que el licenciado Febry Martínez no había cumplido con los requisitos del PEJC para el periodo de 2007-2009.[7] También adeudaba la cuota por cumplimiento tardío establecida en la Regla 30 del *Reglamento del Programa de Educación Jurídica Continua*, 164 D.P.R. 555 (2005). Esto a pesar de habérsele otorgado una prórroga de treinta (30) días para cumplir y a la que el letrado se comprometió el 29 de septiembre de 2011, día de la vista informal.

Así las cosas, el 31 de octubre de 2014 le concedimos al licenciado Febry Martínez un periodo de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido. El 17 de noviembre de 2014, el letrado compareció ante nos e indicó los cursos que había tomado a la fecha y solicitó un término razonable para cumplir con los créditos restantes. Además incluyó el pago de la cuota por cumplimiento tardío. Por ello, el 31 de marzo de 2015 le concedimos un término adicional de sesenta (60) días para cumplir con los requerimientos del PEJC. Sin embargo, el licenciado Febry Martínez no ha vuelto a comparecer.

---

[7] El Lcdo. Roberto Febry Martínez tampoco ha cumplido con los periodos de 2009-2011 y 2011-2013. No obstante, para ambos periodos aún no ha sido citado para la vista informal dispuesta en la Regla 32 del *Reglamento del Programa de Educación Jurídica Continua*, supra.

**TS-5284:**

El Lcdo. Ángel L. Flores Fernández (licenciado Flores Fernández), fue admitido al ejercicio de la abogacía el 29 de diciembre de 1976.[8]

Mediante Informe sobre Incumplimiento de 29 de enero de 2015, la Directora del PEJC nos informa que el licenciado Flores Fernández no ha cumplido con los requisitos del PEJC para el periodo de 2009-2011.[9] Tampoco había efectuado el pago de cincuenta dólares ($50.00) por cumplimiento tardío para dicho periodo. Esto a pesar de habérsele enviado un Aviso de Incumplimiento y de habérsele citado para vista informal el 24 de febrero de 2014.

Ante su incumplimiento, el 17 de febrero de 2015 le concedimos al letrado un periodo de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido. No obstante, el licenciado Flores Fernández no compareció hasta el 18 de noviembre de 2015, fecha en que presentó una solicitud de cambio a status de abogado inactivo en el Registro de

---

[8] El Lcdo. Ángel L. Flores Fernández prestó juramento de notario el 24 de enero de 1992, pero renunció voluntariamente al ejercicio de la notaría. Su renuncia fue aceptada por este Tribunal el 20 de diciembre de 2000.

[9] El licenciado Flores Fernández tampoco ha cumplido con el periodo de 2011-2013. No obstante, para este periodo aún no ha sido citado para la vista informal dispuesta en la Regla 32 del *Reglamento del Programa de Educación Jurídica Continua*, supra.

Abogados y Abogadas. Así mismo, el 14 de diciembre de 2015 presentó una *Moción Urgente en Cumplimiento de Notificación sobre el Programa de Educación Jurídica Continua* en la que indicó que al presentar la solicitud de cambio de estatus se enteró de los períodos de incumplimiento con el PEJC y que pagó tres (3) cuotas por cumplimiento tardío con el mismo. También señaló que por razones que desconoce no recibió las notificaciones del Tribunal.[10] Finalmente, solicitó que se aprobara su solicitud de cambio a estatus inactivo. No obstante, esta solicitud fue presentada de forma incompleta.

**TS-2736:**

El Lcdo. Domingo J. Rodríguez Montalvo (licenciado Rodríguez Montalvo), fue admitido al ejercicio de la abogacía el 26 de noviembre de 1965.[11]

El 23 de enero de 2015, la Directora del PEJC compareció ante nos e indicó que el licenciado Rodríguez Montalvo no había cumplido con los requisitos del Programa durante los periodos de 2007-2009 y 2009-2011, así como el pago de cincuenta dólares ($50.00) por cumplimiento tardío para los periodos señalados. Indicó la Directora que el PEJC le envió al letrado varios avisos de incumplimiento

---

[10] Además, no surge del expediente que las comunicaciones enviadas por el PEJC y este Tribunal al licenciado Flores Fernández hayan sido devueltas. Cabe señalar que las mociones presentadas por el licenciado Flores Fernández contienen una dirección distinta a la de su expediente.

[11] El Lcdo. Domingo J. Rodríguez Montalvo prestó juramento de notario el 12 de enero de 1966, pero renunció voluntariamente al ejercicio de la notaría. Su renuncia fue aceptada por este Tribunal el 13 de julio de 2012.

para los periodos de 2007-2009 y 2009-2011. De igual forma, se celebró una vista informal el 26 de abril de 2011 con relación al periodo 2007-2009 y otra el 25 de febrero de 2014 para el periodo 2009-2011.[12] El licenciado Rodríguez Montalvo no compareció a ninguna de las vistas.

Mediante Resolución de 31 de marzo de 2015, le concedimos un término de veinte (20) días al licenciado Rodríguez Montalvo para que compareciera ante nos y mostrara causa por la que no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC. El licenciado Rodríguez Montalvo no ha comparecido.

## II

El Canon 2 del Código de Ética Profesional requiere con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, [que] el abogado manten[ga] un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". https://a.next.westlaw.com/Document/Ic47ef08b941e11e3a341ea44e5e1f25f/View/FullText.html?navigationPath=Search%2Fv3%2Fsearch%2Fresults%2Fnavigation%2Fi0ad6040c00000150d3689a5631395df1%3FNav%3DCASE%26fragmentIdentifier%3DIc47ef08b941e11e3a341ea44e5e1f25f%26startIndex%3D1%26contextData%3D%2528sc.Search%2529%26transitionType%3DSearchItem&listSource=Search&listPageSource=8493194d1018c6236670661d72299856&list=CASE&rank=1&grading=na&sessionScopeId=4f46be2b8083cef84d9d98

---

[12] El licenciado Rodríguez Montalvo tampoco ha cumplido con el periodo de 2011-2013. No obstante, aún no ha sido citado a la vista informal dispuesta en la Regla 32 del *Reglamento del Programa de Educación Jurídica Continua*, supra, con relación a ese periodo.

9dcb3bae22&originationContext=Search%20Result&transitionType=SearchItem&contextData=%28sc.Search%29 - co_footnote_FN_F01010_2030882538 4 LPRA Ap. IX.    Para garantizar el cumplimiento de este deber, todo abogado o abogada debe cumplir con los requisitos establecidos en el *Reglamento de Educación Jurídica Continua*, 164 D.P.R. 555 (2005). *In re López González et al.*, res. el 24 de junio de 2015, 193 DPR ___ (2015), 2015 TSPR 107.

Reiteradamente hemos expresado que la desidia y dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos por parte de ese programa y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cepero Rivera et al.*, res. el 24 de junio de 2015, 193 DPR ___ (2015), 2015 TSPR 119. Por lo tanto este Tribunal disciplina a los abogados que desatienden los requerimientos de la Junta e incumplen con las horas crédito de educación jurídica continua. *In re Rivera Trani*, 188 D.P.R. 454 (2013).

Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone a los abogados la obligación de mantener actualizados en el RUA sus datos personales, incluyendo su dirección física, postal y electrónica. Por ello, es deber de los abogados y notarios avisar oportunamente a este Tribunal cualquier cambio en su dirección. El incumplimiento con este deber obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es suficiente para decretar su separación indefinida de la

profesión. *In re López González et al.*, supra;  In re Arroyo Acosta, res. el 9 de abril de 2015, 192 DPR ___ (2015), 2015 TSPR 50.

Por último, reiteradamente hemos señalado que desatender los requerimientos de este Tribunal por los miembros de la profesión legal constituye un serio agravio a nuestra autoridad e infringe el Canon 9. *In re López González et al.*, supra; *In re De Jesús Román,* res. el 27 de marzo de 2015, 192 D.P.R. ___ (2015), 2015 TSPR 33. A su vez, hemos advertido que procede la suspensión inmediata del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re López González et al.*, supra.

## III

El PEJC, a través de su Directora, ha detallado en cada informe los esfuerzos realizados para requerir el cumplimiento con los requisitos del PEJC a cada uno de los abogados ante nuestra consideración. Todos estos esfuerzos han sido infructuosos por lo que ha tenido que solicitar nuestra intervención. Sin embargo, estos no han comparecido ante nos ni han acreditado su cumplimiento con los requisitos del PEJC. En particular,

**TS-2020:** El licenciado Tirado Saltares incumplió con los requisitos del PEJC para los periodos de 2007-2009 y

2009-2011. Tampoco ha comparecido ante los requerimientos del PEJC ni de este Tribunal.

**TS-4514:** La licenciada Rodríguez Vallecillo incumplió con los requisitos del PEJC para el periodo de 2007-2009. No ha comparecido ante los requerimientos del PEJC ni de este Tribunal.

**TS-6345:** El licenciado Terón Santiago incumplió con los requisitos del PEJC para los periodos de 2007-2009 y 2009-2011. El letrado no ha comparecido ante los requerimientos del PEJC ni de este Tribunal. Tampoco ha cumplido con su deber de actualizar su dirección postal.

**TS-7731:** El licenciado Febry Martínez incumplió con los requisitos del PEJC para el periodo de 2007-2009. También ha desatendido los requerimientos del PEJC y de este Tribunal.

**TS-5284:** El licenciado Flores Fernández incumplió con los requisitos del PEJC para el periodo de 2009-2011. Tampoco compareció ante los requerimientos del PEJC ni de este Tribunal hasta el 18 de noviembre de 2015 para presentar una solicitud de cambio de estatus de abogado inactivo.

**TS-2736:** El licenciado Rodríguez Montalvo incumplió con los requisitos del PEJC para los periodos de 2007-2009 y 2009-2011. Tampoco ha comparecido ante los requerimientos del PEJC ni de este Tribunal.

Lo anterior nos lleva a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía al

Lcdo. Víctor Tirado Saltares, el Lcdo. Ardin Terón Santiago, el Lcdo. Ángel L. Flores Fernández y el Lcdo. Domingo Rodríguez Montalvo, así como de la Lcda. Sonia Rodríguez Vallecillo y el Lcdo. Roberto Febry Martínez tanto del ejercicio de la abogacía como de la notaría. Como consecuencia, se le impone a cada uno el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *per curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Lcda. Sonia Rodríguez Vallecillo y del Lcdo. Roberto Febry Martínez, y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Lcdo. Víctor Tirado Saltares | TS-2020 | |
| Lcda. Sonia Rodríguez Vallecillo | TS-4514 | |
| Lcdo. Ardin Terón Santiago | TS-6345 | |
| Lcdo. Roberto Febry Martínez | TS-7731 | |
| Lcdo. Ángel L. Flores Fernández | TS-5284 | |
| Lcdo. Domingo Rodríguez Montalvo | TS-2736 | |

SENTENCIA

En San Juan, Puerto Rico, a 10 de diciembre de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, nos lleva a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía al Lcdo. Víctor Tirado Saltares, el Lcdo. Ardin Terón Santiago, el Lcdo. Ángel L. Flores Fernández y el Lcdo. Domingo Rodríguez Montalvo, así como de la Lcda. Sonia Rodríguez Vallecillo y el Lcdo. Roberto Febry Martínez tanto del ejercicio de la abogacía como de la notaría. Como consecuencia, se le impone a cada uno el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *per curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Lcda. Sonia Rodríguez Vallecillo y del Lcdo. Roberto Febry Martínez, y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón hace contar la siguiente expresión a la cual se une la Jueza Presidenta señora Fiol Matta:

El Juez Asociado señor Feliberti Cintrón respetuosamente disiente respecto al curso de

acción tomado en relación al Lcdo. Ángel L. Flores Fernández. En lugar de suspenderlo, le concedería un término para presentar la Certificación Negativa de Querella ante la Procuradora General y la Certificación del Programa de Educación Jurídica Continua (PEJC) y, de este modo, poder completar su solicitud de cambio de status a abogado inactivo. Posteriormente, estaría dispuesto a conceder dicha solicitud, condicionando la misma a que, de solicitar su reactivación en un futuro, el licenciado Flores Fernández tendría que certificarnos haberse puesto al día previamente con los requisitos del PEJC.

La Jueza Asociada Oronoz Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo