EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--|
| Larry Doel Ramírez Lebrón | 2016 TSPR 98<br><br>195 DPR ____ |

Número del Caso: TS-17,007

Fecha: 21 de abril de 2016

Oficina de Inspección de Notarías:

    Lcdo. Manuel Ávila de Jesús
    Director

Materia: La suspensión será efectiva el 20 de mayo de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Larry Doel Ramírez Lebrón      TS-17,007

***PER CURIAM***

San Juan, Puerto Rico, a 21 de abril de 2016.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con los requisitos de la Oficina de Inspección de Notarias (ODIN) y no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer las medidas disciplinarias correspondientes.

**I**

El Lcdo. Larry Doel Ramírez Lebrón (licenciado Ramírez Lebrón) fue admitido al ejercicio de la abogacía el 30 de junio de 2008 y a la notaría el 11 de febrero de 2009.

El 8 de mayo de 2015, la ODIN, a través de su Director el Lcdo. Manuel E. Ávila De Jesús, compareció ante este Foro mediante *Informe Especial sobre Incumplimiento de la Ley Notarial Puerto Rico y su Reglamento y en solicitud de Remedios* (Informe). En éste, señaló que se le había notificado al licenciado Ramírez Lebrón que adeudaba un total de dieciocho índices de actividad notarial mensual correspondientes a los meses de abril a diciembre de 2013 y enero a septiembre de 2014 y dos informes estadísticos de actividad notarial anual correspondientes a los años naturales de 2012 y 2013.

A esos efectos, la ODIN le concedió al licenciado Ramírez Lebrón un término de diez días para presentar todos los documentos adeudados y expresar las razones de su incumplimiento reiterado. No obstante, la comunicación remitida fue devuelta a la ODIN, ya que el licenciado Ramírez Lebrón se mudó y no dejó una dirección postal alterna ("Moved, left no address").[1]

El 16 de enero de 2015, la ODIN le remitió otra comunicación al licenciado Ramírez Lebrón reiterándole la orden de cumplir con su deber notarial de presentar los índices de actividad mensual notarial y los informes estadísticos de actividad notarial anual adeudados, junto a una justificación por la tardanza. Para esto, la ODIN le concedió un término final e improrrogable a vencer el

---

[1] Véase *Informe Especial sobre Incumplimiento de la Ley Notarial Puerto Rico y su Reglamento y en solicitud de Remedios*, Anejo II.

6 de febrero de 2015. El licenciado Ramírez Lebrón tampoco respondió a esta comunicación.

La ODIN realizó varios intentos adicionales de comunicarse con el licenciado Ramírez Lebrón por correo electrónico y a través del número telefónico según surge del Registro Único de Abogados (RUA). No obstante, los mismos fueron infructuosos, ya que el teléfono se encontraba fuera de servicio. Además, el licenciado Ramírez Lebrón no tenía vigente la fianza notarial según se desprende de los archivos de la ODIN. A esos efectos, la ODIN recomendó en su Informe la imposición de medidas disciplinarias en contra del licenciado Ramírez Lebrón por entorpecer y obstaculizar el deber de fiscalización de la ODIN.

Mediante una Resolución emitida el 29 de mayo de 2015,[2] concedimos al notario un término de veinte días para expresarse en torno al Informe y le apercibimos que su incumplimiento con esta orden conllevaría sanciones severas. El notario aún no ha presentado su oposición al mismo.

## II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones.[3] Con el propósito de mantener la excelencia de la

---

[2] Archivada en autos la copia de la notificación de la Resolución el 3 de junio de 2015.

[3] *In re* De Jesús Román, res. el 27 de marzo de 2015, 2015 TSPR 33, 192 DPR ___ (2015), pág. 3. Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5.

clase togada, reiteradamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[4]

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[5] Por tal motivo, los abogados tienen una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[6] Ello, independientemente de los procedimientos iniciados en su contra.[7]

A su vez, los abogados deben responder diligentemente a los requerimientos de la ODIN y del Procurador General, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[8] El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión y, como tal, nos corresponde asegurar

---

[4] In re Sosa Suárez, 191 DPR 261 (2014).

[5] In re Bryan Picó, res. el 30 de enero de 2015, 2015 TSPR 10, 192 DPR __ (2015); In re Martínez Romero, 188 DPR 511 (2013).

[6] In re Bryan Picó, supra; In re Vera Vélez, res. el 14 de enero de 2015, 2015 TSPR 7, 192 DPR __ (2015).

[7] In re Martínez Romero, supra; In re Chardón Dubós, 191 DPR 201 (2014).

[8] In re Chardón Dubós, supra.

que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[9] En el ejercicio de nuestra autoridad fiscalizadora de la profesión legal hemos suspendido inmediata e indefinidamente del ejercicio de la abogacía y la notaría a aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la ODIN y la Oficina del Procurador General.[10]

Por otro parte, la Regla 9 (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados del Tribunal Supremo (RUA)]". Entre otras cosas, el abogado deberá notificar cualquier cambio en su dirección, teléfono, fax y correo electrónico. El incumplimiento de lo anterior también podrá conllevar la imposición de sanciones disciplinarias.[11] No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto, este obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[12]

### III

El licenciado Ramírez Lebrón ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Éste ha incumplido

---

[9] In re Vera Vélez, *supra*.

[10] In re Martínez Romero, *supra*.

[11] In re Bryan Picó, *supra*.

[12] In re Toro Soto, 181 DPR 654, 661 (2011).

reiteradamente a los apercibimientos y órdenes que, tanto este Tribunal como la ODIN, le hemos remitido. Esa conducta constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Ante tales circunstancias, no dudaremos en tomar acción disciplinaria en contra de abogados que incumplan con los términos finales concedidos para contestar nuestras órdenes o las de ODIN y el Procurador General.

Por otro lado, su omisión de mantener informado a este Tribunal sobre su dirección actual y su número telefónico ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria. Esto ha provocado una dilación en la tramitación de los procedimientos en su contra.

**IV**

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Ramírez Lebrón del ejercicio de la abogacía y la notaría.

El licenciado Ramírez Lebrón deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a

partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Ramírez Lebrón y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Larry Doel Ramírez Lebrón          TS-17,007

**SENTENCIA**

San Juan, Puerto Rico, a 21 de abril de 2016.

El **Lcdo. Larry Doel Ramírez Lebrón** fue admitido al ejercicio el 30 de junio de 2008 y a la notaría el 11 de febrero de 2009.

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Ramírez Lebrón del ejercicio de la abogacía y la notaría.

El licenciado Ramírez Lebrón deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del **Lcdo. Larry Doel Ramírez Lebrón** y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo