EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Ricardo A. Álvarez Westwood<br>Irene M. Vera Ramírez<br>Juan H. Torres Quiñones<br>Emil G. Delgado Ríos | 2016 TSPR 46<br><br>194 DPR ____ |

Número del Caso: TS-12,015
                 TS-13,188
                 TS-2,952
                 TS-10,329


Fecha: 14 de marzo de 2016


Programa de Educación Jurídica Continua

        Hon. Geisa Marrero Martínez
        Directora Ejecutiva


Materia: Conducta Profesional –

**TS-12,015**
La suspensión será efectiva el **17 de marzo de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata

**TS-13,188**
La suspensión será efectiva el **23 de marzo de 2016,** fecha en que se le notificó a la abogada de su suspensión inmediata

**TS-2,952**
La suspensión será efectiva el **23 de marzo de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

**TS-10,329**
La suspensión será efectiva el **21 de marzo de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Ricardo A. Álvarez Westwood | TS-12,015 |
| Irene M. Vera Ramírez | TS-13,188 |
| Juan H. Torres Quiñones | TS-2,952 |
| Emil G. Delgado Ríos | TS-10,329 |

PER CURIAM

San Juan, Puerto Rico, a 14 de marzo de 2016.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de varios miembros de la profesión jurídica por incumplir con los requisitos tanto del Programa de Educación Jurídica Continua (PEJC), como de la Oficina de Inspección de Notarías (ODIN) y no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias a los abogados de epígrafe.

I

La Hon. Geisa M. Marrero Martínez, Directora Ejecutiva del PEJC (Directora del PEJC), compareció ante nos, por mandato de la Junta de Educación Jurídica

Continua, mediante Informe sobre incumplimiento con los requisitos del PEJC. En éstos, nos informa que los referidos abogados han incumplido con el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E, y han desatendido sus requerimientos en varias ocasiones. En aras de atender los planteamientos de la Directora del PEJC, examinemos en detalle la conducta desplegada por los abogados de epígrafe y los trámites realizados por el PEJC y por este Tribunal en torno a ello.

**A. <u>Lcdo. Ricardo A. Álvarez Westwood</u>, TS-12,015**

El Lcdo. Ricardo A. Álvarez Westwood (licenciado Álvarez Westwood) fue admitido al ejercicio de la abogacía el 22 de julio de 1997 y prestó juramento como notario el 2 de octubre de 1997. El 21 de enero de 2015, la Directora del PEJC compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, señaló que el licenciado Álvarez Westwood incumplió con los requisitos del Programa durante el periodo del 1 de mayo de 2009 al 30 de abril de 2011. Por ello, el PEJC cursó al abogado varios avisos de incumplimiento y le citó a una vista informal para este periodo. A esta vista el licenciado Álvarez Westwood compareció. Así las cosas, al momento de notificar la determinación en torno a la vista celebrada, el PEJC

concedió al letrado un término de 30 días para cumplir con los requisitos para el periodo de 2009-2011.

Según se desprende del Informe del PEJC, el 14 de octubre de 2014 se le concedió un término final de 15 días adicionales para cumplir con el periodo 2009-2011 y presentar evidencia de ello ante la Directora del Programa. Además, se le concedió un término de 60 días para subsanar las deficiencias del periodo 2011-2013.[1]

Luego de habérsele otorgado la oportunidad de ser oído sin que el licenciado Álvarez Westwood cumpliera, el PEJC refirió el asunto a este Tribunal.

Así las cosas, el 31 de marzo de 2015 emitimos una Resolución en la cual le concedíamos 20 días al licenciado Álvarez Westwood para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido del ejercicio de la práctica de la profesión de la abogacía, por incumplir con los requisitos de educación continua y por no comparecer ante el PEJC cuando fue requerido.

Posteriormente, el 11 de junio de 2015, compareció ante nos el Director de la Oficina de Inspección de Notarías (ODIN) mediante un *Informe especial sobre incumplimiento de la ley notarial de Puerto Rico y su reglamento y en solicitud de remedios*. En el mismo, nos informaba sobre el incumplimiento por parte del licenciado

---

[1] El licenciado Álvarez Westwood tampoco ha cumplido con los requisitos del Reglamento del PEJC durante el periodo de 2011-2013. Empero, no ha sido citado para vista informal por incumplimiento en ese periodo, según lo dispone la Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

Álvarez Westwood de múltiples informes de actividad notarial mensual y adeudar los informes estadísticos de actividad notarial anual correspondientes a los años del 1999 al 2014. Además, se le apercibía sobre el derecho aplicable a su conducta y las consecuencias disciplinarias que acarreaba su incumplimiento.

Toda la comunicación fue enviada a la dirección de notificaciones que obra en el Registro Único de Abogados (RUA) mediante correo certificado con acuse de recibo, sin embargo,  la misma fue devuelta por el sistema de correo como no reclamada por el licenciado.

### Lcda. Irene M. Vera Ramírez, TS-13,188

La Lcda. Irene M. Vera Ramírez (licenciada Vera Ramírez) fue admitida al ejercicio de la abogacía el 25 de enero de 2000 y prestó juramento como notaria el 25 de junio de 2002. El 10 de octubre de 2015, la Directora del PEJC compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En el Informe, señaló que la licenciada Vera Ramírez incumplió con los requisitos del Programa durante el periodo del 1 de agosto de 2007 al 31 de julio de 2009 y tampoco pagó la cuota por cumplimiento tardío.[2]

---

[2] La licenciada Vera Ramírez tampoco ha cumplido con los requisitos del Reglamento del PEJC durante los periodos de 2009-2011 y 2011-2013. Empero, no ha sido citada para vista informal por incumplimiento en ese periodo, según lo dispone la Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

Por ello, el PEJC avisó a la abogada sobre su incumplimiento y le citó a una vista informal correspondiente a dicho periodo. Sin embargo, a esta vista la licenciada Vera Ramírez no compareció. Así las cosas, el Oficial Examinador recomendó remitir el asunto ante este Tribunal al amparo de la Regla 32(C) del Reglamento del Programa, y así lo hizo la Directora del Programa.

Luego de atender el asunto, el pasado 20 de octubre de 2014 emitimos una Resolución en la cual le concedimos el término de 20 días a la Lcda. Irene M. Vera Ramírez para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido por el PEJC. No obstante, la licenciada Vera Ramírez no ha comparecido.

Por lo anterior, el 27 de febrero de 2015, se le concedió nuevamente un término improrrogable de 30 días para que mostrara causa por la cual no debía ser suspendida por su incumplimiento. Dicha Resolución fue ordenada a ser diligenciada personalmente. El 10 de marzo de 2015, un Alguacil de este Tribunal se personó en la dirección de la licenciada Vera Ramírez, sin embargo ésta ya no ocupaba la propiedad. Ese mismo día, la licenciada se comunicó por teléfono con el Alguacil del Tribunal, y expresó que ya no practica la profesión y encargó a su señor padre para que entregara su obra notarial.

Posteriormente, el 24 de septiembre de 2015, compareció ante nos el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila De Jesús, mediante Informe Especial en el que nos informó sobre la conducta de la licenciada Vera Ramírez, en la cual expresaba que había desatendido sus requerimientos en múltiples ocasiones. La ODIN le envió una comunicación por correo certificado con acuse de recibo a la dirección de notificaciones que obraba en el Registro Único de Abogados (RUA) y le concedió un término de 10 días para rendir los documentos adeudados y expresar las razones para su incumplimiento. En la comunicación se le orientó sobre el derecho aplicable a su conducta y las consecuencias disciplinarias que acarrea su incumplimiento. No obstante, las comunicaciones fueron recibidas por una persona autorizada por la notaria, pero nunca fueron contestadas.

**Lcdo. Juan H. Torres Quiñones, TS-2,952**

El Lcdo. Juan H. Torres Quiñones (licenciado Torres Quiñones) fue admitido al ejercicio de la abogacía el 7 de junio de 1967. El 17 de abril de 2015, la Directora del PEJC compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, señaló que el licenciado Torres Quiñones incumplió con los requisitos del Programa durante el periodo del 1 de junio de 2007 al 31 de mayo de 2009. Por ello, el 13 de julio de 2009 el PEJC cursó un

aviso al licenciado Torres Quiñones para informarle sobre su incumplimiento y concediéndole 60 días adicionales para tomar los cursos y pagar la cuota de cumplimiento tardío que dispone la Regla 30 del Programa.

Del Informe se desprende que el 10 de agosto de 2009, el licenciado Torres Quiñones compareció mediante comunicación escrita enviada desde el estado de Texas. En dicha ocasión, expuso que residía fuera de Puerto Rico desde el año 1976 y que estaba totalmente retirado de la profesión. Adujo que su ausencia de la isla le eximía de cumplir con los requisitos del Programa. Así las cosas, el licenciado Torres Quiñones no cumplió con los requisitos, ni pagó la cuota requerida.

El 22 de junio de 2010 se le notificó nuevamente al licenciado Torres Quiñones una comunicación en la cual se le orientaba en cuanto a las alternativas que dispone el Reglamento del Programa para atender su situación. Específicamente se le orientó sobre las alternativas para cumplir, la exoneración por justa causa y la solicitud de baja voluntaria ante este Tribunal. Sin embargo, no surge del expediente que el licenciado Torres Quiñones contestara dicha comunicación.

Luego de transcurrido un periodo prudente para completar los requisitos del Programa, varias comunicaciones y avisos de incumplimiento, el 17 de mayo de 2011 se le citó a una vista informal para el periodo en controversia a celebrarse el 8 de junio de 2011. Sin

embargo, el licenciado Torres Quiñones no compareció. Por otro lado, el licenciado Torres Quiñones tampoco cumplió con los requisitos del Programa del periodo de 1 de junio de 2011 al 31 de mayo de 2013. El 18 de julio de 2013 se le envió el Aviso de Incumplimiento otorgándole, entre otras alternativas, 60 días adicionales para tomar los cursos correspondientes al periodo 2011-2013.[3] No obstante, al momento el licenciado Torres Quiñones no ha sido citado para la vista informal para este periodo.

Por todo lo anterior, el 29 de mayo de 2015 emitimos una Resolución en la cual concedimos un término de 20 días para que el licenciado Torres Quiñones compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por su incumplimiento con los requisitos del Programa y por no comparecer ante el PEJC cuando le fue requerido. Al momento, no ha cumplido con nuestra Resolución.

### Lcdo. Emil G. Delgado Ríos, TS-10,329

El Lcdo. Emil G. Delgado Ríos (licenciado Delgado Ríos) fue admitido al ejercicio de la abogacía el 19 de enero de 1993 y prestó juramento como notario el 20 de mayo de 1993. El 7 de mayo de 2015, la Directora del PEJC

---

[3] El Colegio de Abogados de Puerto Rico certificó como colegiado inactivo al licenciado Torres Quiñones del 17 de febrero de 2010 al 1 de enero de 2011, por lo que durante ese tiempo no venía obligado a cumplir con los requisitos del Programa. A esos efectos, el 18 de julio de 2012 se le notificó una certificación de exoneración de cumplimiento y se le orientó que para continuar con estatus de inactivo, debía solicitarlo a este Tribunal, en virtud de nuestra Resolución del 30 de septiembre de 2011.

compareció ante nos mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* (Informe). En éste, señaló que el licenciado Delgado Ríos incumplió con los requisitos del Programa durante los periodos del 1 de junio de 2007 al 31 de mayo de 2009 y del 1 de junio de 2009 al 31 de mayo de 2011. Por ello, el 13 de julio de 2009 y el 8 de septiembre de 2011 el PEJC cursó avisos al licenciado Delgado Ríos para informarle sobre su incumplimiento y concediéndole 60 días adicionales para tomar los cursos correspondientes al periodo 2007-2009 y 2009-2011 respectivamente, y pagar la cuota de cumplimiento tardío que dispone la Regla 30 del Programa.

Luego de transcurrido un periodo prudente para completar los requisitos del Programa, varias comunicaciones y avisos de incumplimiento, el 17 de mayo de 2011 se le citó a una vista informal para el periodo de 2007-2009 a celebrarse el 7 de junio de 2011. Así las cosas, el licenciado Delgado Ríos no compareció.

Por otro lado, el 31 de enero de 2014 el PEJC envió una citación al licenciado Delgado Ríos para una vista informal a celebrarse el 27 de febrero de 2014 debido a su incumplimiento con el periodo 2009-2011. Al igual que a la vista antes mencionada, a esta vista el licenciado Delgado Ríos tampoco compareció.[4]

---

[4] El licenciado Delgado Ríos tampoco ha cumplido con los requisitos del Reglamento del PEJC durante el periodo de 2011-2013. Empero, no ha sido citado para vista informal por incumplimiento en ese periodo, según lo dispone la Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

Por todo lo anterior, el 11 de junio de 2015 emitimos una Resolución en la cual concedimos un término de 20 días para que el licenciado Delgado Ríos compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por su incumplimiento con los requisitos del Programa y por no comparecer ante el PEJC cuando le fue requerido. Al momento, no ha cumplido con nuestra Resolución.

II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones.[5] En cuanto a los deberes del abogado para con la sociedad, este cuerpo legal impone a los miembros de la profesión jurídica la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". En armonía con este deber, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del PEJC, *supra*.[6]

---

[5] *In re* De Jesús Román, res. el 27 de marzo de 2015, 2015 TSPR 33, 192 DPR ___ (2015), pág. 3. Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5.

[6] Véase, además: *In re* Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, res. el 15 de junio de 2015, 2015 TSPR 77, 193 DPR ___ (2015).

Desafortunadamente, en múltiples ocasiones nos hemos visto obligados a disciplinar a abogados que no atienden los requerimientos del PEJC e incumplen con las horas crédito de educación jurídica continua.[7] Ante ello, hemos manifestado reiteradamente que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional.[8]

Así, hemos advertido a los miembros de la profesión jurídica que es su deber contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes.[9] Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica.[10] Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía.[11]

---

[7] *In re* López González *et al.*, *supra*, pág. 6; *In re* Arroyo Acosta, res. el 9 de abril de 2015, 2015 TSPR 50, 192 DPR ___ (2015), pág. 4; *In re* Rivera Trani, 188 DPR 454, 459-460 (2013).

[8] *In re* Cepero Rivera *et al.*, *supra*, pág. 9.

[9] Íd., pág. 10; *In re* Rivera Trani, *supra*, pág. 460; *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013).

[10] *In re* Cepero Rivera *et al.*, *supra*, pág. 10; *In re* López González *et al.*, *supra*, pág. 6; *In re* Arroyo Acosta, *supra*, pág. 4; *In re* De Jesús Román, *supra*, pág. 4; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829.

[11] Véanse: *In re* López González *et al.*, *supra*, págs. 6-7; *In re* Arroyo Acosta, *supra*, pág. 4; *In re* De Jesús Román, *supra*, pág. 4; *In re* Rivera Trani, *supra*, pág. 461; *In re* Guzmán Rodríguez, *supra*, pág. 829.

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9, exige a los abogados mantener actualizados en el RUA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones.[12] Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.[13]

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por los abogados de epígrafe.

III

Mediante los informes presentados ante este Tribunal, la Directora del PEJC ha expuesto de forma detallada las gestiones realizadas por el PEJC para requerirle a cada uno de los abogados de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado. No obstante, éstos han desatendido en repetidas ocasiones sus requerimientos. En vista de ello, la Directora del PEJC nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria.

---

[12] Véanse: *In re Cepero Rivera et al.*, *supra*, pág. 10; *In re López González et al.*, *supra*, pág. 7; *In re Rivera Trani*, *supra*, pág. 460.

[13] Íd. Véase también: *In re Arroyo Acosta*, *supra*, pág. 4.

A pesar de haber concedido a estos abogados amplia oportunidad para que comparecieran ante nos y acreditaran su cumplimiento con los requisitos del PEJC, no han cumplido con lo requerido. Recapitulemos sus incumplimientos.

**TS-12,015**: El licenciado Álvarez Westwood incumplió con los requisitos del PEJC para el periodo de 2009-2011. El pasado 31 de marzo de 2015 emitimos Resolución en la cual le concedimos el término de veinte (20) días al Lcdo. Ricardo A. Álvarez Westwood para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido por el PEJC. Así las cosas, el licenciado Álvarez Westwood no ha comparecido.

Posteriormente, el 24 de septiembre de 2015, compareció ante nos el Director de ODIN mediante Informe Especial en el que nos informó sobre la conducta del licenciado Álvarez Westwood que ha desatendido sus requerimientos en múltiples ocasiones.

**TS-13,188**: La licenciada Vera Ramírez no cumplió con los requisitos del Reglamento del PEJC durante el periodo 2007-2009. El pasado 20 de octubre de 2014 emitimos Resolución en la cual le concedimos el término de veinte (20) días a la licenciada Vera Ramírez para que

compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido por el PEJC. Así las cosas, el 27 de febrero de 2015, concedimos nuevamente un término improrrogable de 30 días para que la licenciada Vera Ramírez compareciera. A pesar de los requerimientos del PEJC y de este Tribunal, la licenciada Vera Ramírez no ha comparecido en respuesta a nuestra Resolución.

Por otra parte, el 13 de mayo de 2015, la licenciada Vera Ramírez compareció mediante una *Petición para darse de baja voluntariamente de la profesión legal y la notaría*, en la cual se limitó a solicitar la baja voluntaria fundamentándose en que lleva sobre cinco años fuera del país y no tiene intenciones de regresar a ejercer la profesión. No obstante, no responde a nuestra Resolución, ni evidencia su cumplimiento con los requisitos del Programa.

Posteriormente, el 24 de septiembre de 2015, compareció ante nos el Director de ODIN mediante Informe Especial en el que nos informó sobre la conducta de la licenciada Vera Ramírez que ha desatendido sus requerimientos en múltiples ocasiones.

**TS-2,952**: El licenciado Torres Quiñones incumplió con los requisitos del PEJC para el periodo de 2007-2009. El pasado 29 de mayo de 2015 emitimos Resolución en la cual

le concedimos el término de veinte (20) días al licenciado Torres Quiñones para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido por el PEJC. Así las cosas, el licenciado Torres Quiñones no ha comparecido.

**TS-10,329**: El licenciado Delgado Ríos incumplió con los requisitos del PEJC para los periodos de 2007-2009 y 2009-2011. El pasado 11 de junio de 2015 emitimos Resolución en la cual le concedimos el término de veinte (20) días al licenciado Delgado Ríos para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido por el PEJC. Así las cosas, el licenciado Delgado Ríos no ha comparecido.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Ricardo A. Álvarez Westwood, de la Lcda. Irene M. Vera Ramírez, del Lcdo. Juan H. Torres Quiñones y del Lcdo. Emil G. Delgado Ríos. Además, suspendemos inmediata e indefinidamente del ejercicio de la notaría al licenciado Álvarez Westwood y a la licenciada Vera Ramírez.

Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. De igual forma, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se les impone también la obligación de informar de su suspensión oportunamente a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Álvarez Westwood y de la licenciada Vera Ramírez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia. A la Lcda. Irene M. Vera Ramírez notifíquese personalmente y a la dirección de Euless, Texas por correo certificado con acuse de recibo. En cuanto al Lcdo. Juan H. Torres Quiñones notifíquese a la dirección de San Antonio, Texas por correo certificado con acuse de recibo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | |
|---|---|
| Ricardo A. Álvarez Westwood | TS-12,015 |
| Irene M. Vera Ramírez | TS-13,188 |
| Juan H. Torres Quiñones | TS-2,952 |
| Emil G. Delgado Ríos | TS-10,329 |

SENTENCIA

San Juan, Puerto Rico, a 14 de marzo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Ricardo A. Álvarez Westwood, de la Lcda. Irene M. Vera Ramírez, del Lcdo. Juan H. Torres Quiñones y del Lcdo. Emil G. Delgado Ríos. Además, suspendemos inmediata e indefinidamente del ejercicio de la notaría al licenciado Álvarez Westwood y a la licenciada Vera Ramírez.

Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. De igual forma, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se les impone también la obligación de informar de su suspensión oportunamente a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Álvarez Westwood y de la licenciada Vera Ramírez y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia. A la Lcda. Irene M. Vera Ramírez notifíquese personalmente y a la dirección de Euless, Texas por correo certificado con acuse de recibo. En cuanto al Lcdo. Juan H. Torres Quiñones notifíquese a la dirección de San Antonio, Texas por correo certificado con acuse de recibo.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo